IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BURNS TILTON BOYD, PRO SE, § <br> TDCJ-CID #1153136, § <br> Previous TDCJ-CID #738984, § <br> Previous TDCJ-CID #925784, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ROWDY BOGGS, § <br> § <br> Defendant. § | 2:05-CV-0111 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff BURNS TILTON BOYD, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and requesting permission to proceed in forma pauperis.

Under the "three strikes" provision of the Prison Litigation Reform Act (PLRA), a prisoner who has had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 18, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff BURNS TILTON BOYD has previously been informed he has accumulated at least three dismissals[1] which fulfill the "three strikes" provision of

---

[2] Cause no. 6:96-CV-0048 was dismissed as frivolous on February 4, 1996; cause no. 6:95-CV-1000 was dismissed as frivolous on March 4, 1996; cause no. 6:96-CV-0078 was dismissed as frivolous on March 12, 1996; cause no. 6:96-CV-0430 was dismissed as frivolous on July 10, 1996, all in the Unites States District Court for the Eastern District of Texas, Tyler

the PLRA.  Further, plaintiff BOYD has been warned that "should he persist in filing frivolous cases or cases outside of Section 1915(g), he may be subjected to the imposition of sanctions, monetary or otherwise, under Rule 11, Fed. R. Civ. P."

Nevertheless, plaintiff has filed the instant suit complaining of a temporary confiscation of his property.  Despite plaintiff's vague reference to appeals which he says were pending at the time of the confiscation and which concerned claims of imminent danger, one of the cases was dismissed as frivolous on appeal and the other was dismissed for want of prosecution. Allegations concerning these cases does not bootstrap plaintiff's property confiscation claim into the section 1915(g) exception.

The grounds presented in the instant suit do not fall within the statutory exception.

Because plaintiff has already sustained the "three strikes" and can no longer avail himself of the provisions for proceeding in forma pauperis, plaintiff's motion to proceed in forma pauperis is DENIED and the instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

IT IS SO ORDERED.

ENTERED this  3rd   day of November, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

---

Division.  Moreover, plaintiff's appeal of cause no. 2:04-CV-0106 was dismissed as frivolous by the United States Court of Appeals for the Fifth Circuit on December 2, 2004 in case no. 04-10879.